**UNITED STATES of America, Plaintiff,**

v.

**John Huston PRAIGG, Defendant.**

**Misc. Crim. No. 3039.**

United States District Court, C. D. California.

Jan. 13, 1972.

Robert L. Meyer, U. S. Atty., Eric A. Nobles, D. Henry Thayer, Asst. U. S. Attys., for plaintiff.

Victor Sherman, Beverly Hills, Cal., for defendant.

ORDER DENYING MOTION RE HANDWRITING EXEMPLARS

FERGUSON, District Judge.

The United States has petitioned for an order directing the defendant in this

criminal proceeding to furnish exemplars of his handwriting. The defendant urges that handwriting exemplars fall within the protection of the Fourth Amendment and can be compelled only upon a showing of probable cause. This court agrees.

The relevant procedural background of the matter in issue is as follows:

1. On October 21, 1971, a complaint was filed with a United States Magistrate charging the defendant with a violation of 18 U.S.C. § 495. Attached to the complaint was an affidavit of Kenneth D. Provasi, Special Agent, United States Secret Service, which stated, in part, that the defendant had been identified by Sergeant Christiani, Forgery Division, Los Angeles Police Department, as being the person who had allegedly forged the signature on certain United States Savings Bonds which were the subject matter of the complaint. The affidavit of Special Agent Provasi indicated that Sergeant Christiani had compared handwriting exemplars from his files with the forged signature on the bonds, and that the signatures matched. A copy of the affidavit is attached as Appendix A. A warrant for Praigg's arrest was issued on October 21, 1971, by the Magistrate.

2. On October 26, 1971, defendant voluntarily surrendered himself in the courtroom of a United States Magistrate. Bond was set in the amount of $5,000. At the time defendant voluntarily surrendered, he was required to submit to the booking process at the United States Marshal's office. Part of the booking process required the defendant to sign his name to an identification card. Defendant was released on bail that day.

3. On October 27, 1971, the government moved the Magistrate for an order directing defendant Praigg to furnish the Secret Service with handwriting exemplars. Said motion was made ex parte although defendant had been represented by counsel. Another affidavit of Special Agent Provasi was attached

to the motion requesting handwriting exemplars. Said affidavit states, in part, that said agent had been assigned investigative responsibilities in connection with the case of United States v. John Huston Praigg, that the investigation had revealed that several pertinent documents may have been writtten by the defendant, and that in furtherance of the investigation, the defendant had been requested, but refused, to furnish the agent with handwriting exemplars. On October 27, 1971, the Magistrate granted the government's motion and ordered the defendant to supply the Secret Service with handwriting exemplars. Neither the motion nor the order indicated when the defendant was to supply the exemplar or the type of exemplar to be provided. They gave no indication as to exactly what the defendant was to provide the government. Copies of the motion, affidavit and order are attached as Appendix B.

4. On November 4, 1971, the Magistrate modified the order of October 27, 1971, in the following respects:

(a) Defendant was to report to the offices of the United States Secret Service for the purpose of furnishing said Service with handwriting exemplars at 10:00 A.M. on November 11, 1971.

(b) Defendant was ordered to furnish a reasonable number of and types of signatures and other writings as he might be directed by agents of the United States Secret Service.

(c) The order was stayed until defendant's motion to quash said order was heard by a United States District Judge.

5. At oral argument the Assistant United States Attorney informed the court that the government does not have sufficient evidence against the defendant to seek an indictment by a grand jury, in spite of the matters set forth in the affidavit of Special Agent Provasi upon which the arrest warrant was issued. He stated that the government

needs the handwriting exemplars requested in order to obtain that necessary evidence.

■ It is now clear that the requirements of the Fourth Amendment must be satisfied whenever law enforcement officials seek to obtain from an individual physical evidence which is an element of his identifying physical characteristics, such as fingerprints, voice exemplars and handwriting exemplars. In Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969), the United States Supreme Court held that law enforcement officials could not compel the taking of fingerprint evidence absent a showing of the reasonableness of the seizure. This rule has been recognized in this circuit. United States v. DePalma, 414 F.2d 394 (9th Cir. 1969), cert. denied, 396 U.S. 1046, 90 S.Ct. 697, 24 L.Ed.2d 690 (1969). Similarly, in Dionisio v. United States, 442 F.2d 276 (7th Cir. 1971), the Court of Appeals for the Seventh Circuit held that "[c]ompelling a person to furnish an exemplar of his voice is as much within the scope of the fourth amendment as is compelling him to produce his books and papers". 442 F.2d at 279.

The District Court for the Northern District of Illinois recently held that the Fourth Amendment is also applicable to the taking of handwriting exemplars. United States v. Bailey, 327 F.Supp. 802 (N.D.Ill.1971). The defendants there were indicted for conspiracy. They were not charged with any crime involving their handwriting, and the government made no showing before the court to indicate that they had committed any crime involving their handwriting. The court, therefore, denied the government's motion for an order directing these defendants to furnish various handwriting exemplars, concluding that "the ordering of handwriting exemplars is subject to the Fourth Amendment's prohibition against unreasonable searches and seizures". 327 F.Supp. at 805. The Seventh Circuit, too, has held that compelling an individual to furnish exemplars of his handwriting and printing is within the protection of the Fourth Amendment. In re September 1971 Grand Jury, Richard J. Mara, 454 F.2d 580 (7th Cir. 1971).

■ It must next be determined what test or standard under the Fourth Amendment is applicable when law enforcement officials seek to obtain handwriting exemplars. The court in Bailey, supra, was uncertain whether the yardstick should be probable cause or the reasonableness of the search and seizure. The Fourth Amendment provides "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized". The amendment does not secure persons against all intrusions by governmental authority, but only those which are unreasonable. The Supreme Court has repeatedly insisted upon a showing of probable cause as a minimum requirement of reasonableness for a search or seizure. See, e. g., Chambers v. Maroney, 399 U.S. 42, 51, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). "Reasonableness" itself, the Court has said, is an illusive concept and is not a sufficient standard for judging the legality of a search or seizure. Chimel v. California, 395 U.S. 752, 764–766, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

In *Chimel*, the Court specifically overruled the subjective analysis test of reasonableness under the Fourth Amendment set forth in United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950), and substituted the test of Justice Frankfurter in his dissent in *Rabinowitz*, that "When the Fourth Amendment outlawed 'unreasonable searches' and then went on to define the very restricted authority that even a search warrant issued by a magistrate could give, the framers said with all the clarity of the gloss of history that a search is 'unreasonable' unless a warrant authorizes it, barring only

exceptions justified by absolute necessity". 339 U.S. at 70, 70 S.Ct. at 437.

Nevertheless, the Court has carved certain limited exceptions to the rule that searches and seizures must be based upon probable cause. Probable cause in the traditional sense is not required for a police officer to stop and frisk suspicious persons, Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), or to search incident to a lawful arrest, Chimel v. California, *supra*. In certain situations where time is important, the police may conduct a search without first obtaining a warrant, but they must have probable cause. *See* Chambers v. Maroney, *supra* (vehicles); Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) (blood sample). In the non-criminal area, officials do not need probable cause to inspect buildings for violations of municipal housing codes. Camara v. Municipal Court, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967). These exceptions, however, are cautiously limited to certain very practical and clearly ascertained circumstances—a self-protective search for weapons, or prevention of the destruction or concealment of evidence. *Camara*, of course, was essentially a civil case involving questions of the enforcement of municipal health, housing and fire codes wholly different from the considerations in a criminal action. None of these circumstances, then, is relevant here.

■■ The government contends that probable cause has already been established by the affidavit in support of the arrest warrant and no further showing need be made. This court cannot agree. It is clear that the mere fact that probable cause exists for the issuance of a warrant for the arrest of the defendant does not authorize a search beyond the limits of a search incident to that arrest. Chimel v. California, *supra*. The arrest of the defendant does not entitle the government to the handwriting exemplars they now seek. *See* United States v. Bailey, *supra*. Furthermore, the government has conceded that although the defendant has been arrested, it lacks the probable cause required to obtain a grand jury indictment against the defendant. In order for the government to obtain an order to obtain handwriting exemplars of the defendant, probable cause must be presented to the court.

■ The probable cause which is required is that probable cause commanded by the Fourth Amendment. The government must present facts or circumstances to the court, under oath or affirmation, sufficient to enable the court to determine for itself whether probable cause exists. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). In the context of a request for handwriting exemplars, this means, at the least, that the government must demonstrate in its motion that probable cause exists to believe the defendant was involved in a substantive violation of the law in which his handwriting played a part. It would not be sufficient, on the other hand, to show merely that a handwriting exemplar would be helpful to the preparation of the government's case or that it might be relevant to the investigation of other crimes in which the defendant's involvement is suspected.

■ Furthermore, the Fourth Amendment requires that the government's request for a handwriting exemplar specify exactly what type or types of exemplars are being sought. Only if this information is before the court can it determine, first, whether probable cause has been shown to justify each exemplar, and, secondly, whether the government's request is unreasonably burdensome or excessive. A general order directing the defendant to furnish any and all exemplars the government may request would be violative of the Fourth Amendment.

The government's motion and supporting affidavit in this case clearly fail to meet these requirements. The government has not presented facts under oath

sufficient to support an independent determination of probable cause by this court.

█ The facts which the government sets forth are: (1) investigation has revealed that several pertinent documents may have been written by the defendant, and (2) the defendant has refused to furnish handwriting exemplars. Those two facts simply do not furnish any basis whatsoever for a finding of probable cause to order the defendant to furnish exemplars of his handwriting. Nor has the government made any attempt to specify how many and what types of exemplars it desires from the defendant. It would be improper for this court to infer merely from the nature of the complaint or the finding of probable cause for arrest that the requisite probable cause exists to obtain handwriting exemplars. The government must make its motion more specific and must support the motion with a showing of probable cause.

█ The government further argues that the defendant's challenge to the Magistrate's order is premature, and that the proper procedural course is a motion to suppress after the exemplars have been furnished. The Supreme Court disposed of this argument in Chimel v. California, *supra*. "[W]e cannot accept the view that Fourth Amendment interests are vindicated so long as 'the rights of the criminal' are 'protect[ed] . . .

against introduction of evidence seized without probable cause.' The Amendment is designed to prevent, not simply to redress, unlawful police action." 395 U.S. at 766 n. 12, 89 S.Ct. at 2042. *See also* United States v. Bailey *supra*, 327 F.Supp. 802, 805.

It is, therefore, ordered that the order of the Magistrate requiring defendant to furnish handwriting exemplars be quashed.

## APPENDIX A

### Probable Cause

On September 10, 1971, John Praigg entered the Security Pacific National Bank at 950 Westwood Boulevard and presented five (5) United States Savings Bonds and one Freedom Share, each for $50.00, in the name of John T. Sulpher. John Praigg forged the registered owner's signature on the reverse of the bonds in the presence of teller Carol Mitchell. He presented a counterfeit California Driver's License in the Registered owner's name for identification. When asked for more identification, he fled, leaving the bonds and the identification at the bank.

John Praigg was identified by Sergeant Christiani, Forgery Division, Los Angeles Police Department. Handwriting exemplars from their files match the forged signature on the bonds, and his mug shot matches the picture on the counterfeit California Driver's License.

## APPENDIX B

ROBERT L. MEYER
United States Attorney
ERIC A. NOBLES
Assistant U. S. Attorney
Chief, Criminal Division
D. HENRY THAYER
Assistant U. S. Attorney
  1200 U. S. Courthouse
  312 North Spring Street
  Los Angeles, California 90012
  Telephone: 688 2423

Attorneys for Plaintiff
United States of America

FILED

OCT 27 1971
CLERK, U. S. DISTRICT COURT
CENTRAL DISTRICT OF
CALIFORNIA
By  KJS     MAGISTRATE'S
              DEPUTY

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN HOUSTON PRAIGG,<br><br>Defendant. | NO. _____ 2–687 _____ CD<br><br>MOTION FOR ORDER DIRECTING DEFENDANT JOHN HOUSTON PRAIGG TO FURNISH THE UNITED STATES SECRET SERVICE WITH HANDWRITING EXEMPLARS; STIPULATION; AFFIDAVIT AND ORDER |

The Government moves this Court for an Order directing the defendant John Houston Praigg to furnish the United States Secret Service with handwriting exemplars.

This motion is based on the files and records of the instant case, Memorandum of Points and Authorities, and the attached Affidavit of Kenneth D. Provasi.

Respectfully submitted,

ROBERT L. MEYER
United States Attorney
ERIC A. NOBLES
Assistnat U. S. Attorney
Chief, Criminal Division
D. HENRY THAYER
Assistant U. S. Attorney

(S)  D. Henry Thayer

D. HENRY THAYER
Assistant U. S. Attorney

---

## AFFIDAVIT

| | |
|---|---|
| STATE OF CALIFORNIA<br>COUNTY OF LOS ANGELES | ss. |

KENNETH D. PROVASI, being duly sworn deposes and says:

That I am a SPECIAL AGENT of the UNITED STATES SECRET SERVICE, at Los Angeles, California, and have been assigned investigative responsibilities in connection with the case of the United States v. JOHN HOUSTON PRAIGG.

That investigation has revealed that several pertinent documents may have been written by the defendant.

That in furtherance of the investigation of this case, the defendant has been requested but refused to furnish me with handwriting exemplars.

[S]  Kenneth D. Provasi

KENNETH  D.  PROVASI
Special Agent

## ORDER

Based upon the foregoing motion and good cause appearing therefor.

It is hereby ordered that Plaintiff's Motion for and Order Directing the Defendant to Furnish the United States Secret Service with Handwriting Exemplars on forms furnished by the United States Secret Service is granted and Defendant, John Huston Praigg, is ordered to supply the United States Secret Service with such handwriting exemplars.