UNITED STATES of America, Plaintiff-Appellee,

v.

Louis A. RUGGIRELLO, Defendant-Appellant.

No. 71-1551.

United States Court of Appeals, Sixth Circuit.

Jan. 14, 1972.

New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**726**

Raymond J. DeRyck, Detroit, Mich., for defendant-appellant; Carl Ziemba, Detroit, Mich., of counsel.

Richard B. Buhrman, Atty., Tax Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee; Fred B. Ugast, Acting Asst. Atty. Gen., Meyer Rothwacks, Crombie J. D. Garrett, John P. Burke, Attys., Dept. of Justice, Tax Div., Washington, D. C., Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., on brief.

Before EDWARDS, BROOKS and KENT, Circuit Judges.

PER CURIAM.

Appellant brings this appeal to challenge his conviction under each count of a Three-Count Indictment alleging fraudulent understatement of income for three different years.

After indictment and before trial the Government filed a formal motion seeking an order requiring the appellant to show cause why he should not be compelled to "give samples of his handwriting in the form requested by said special attorney, for the Department of Justice." The motion was supported by an affidavit which recited that the Government had in its possession documents, the authorship of which was material to the case pending against this appellant. After a formal hearing, at which appellant's retained counsel conceded that the Court had the authority to require such samples of handwriting under the United States Supreme Court's decision in Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), the Trial Court entered an order requiring the appellant to give the handwriting samples. No objection was raised on the trial to the introduction of the handwriting samples in evidence.

Appellant now claims that the requirement that he give samples of his handwriting violated his Constitutional Rights under the Fourth and Fifth Amendments. On the record in this case the Court finds no merit in this or any other claim of error sought to be presented on this appeal.

Judgment affirmed.