In the Matter of the **GRAND JURY IMPANELED MARCH 1, 1971.**
No. CR 72–687.

United States District Court,
N. D. of Ohio, E. D.
Sept. 26, 1972.

**1002**

Frederick M. Coleman, U. S. Atty., David Margolis, Roger McRoberts, Steven R. Olah, Special Attys., Crim. Div., U. S. Dept. of Justice, Cleveland, Ohio, for the Government.

Jerry Milano, Elmer A. Giuliani, Cleveland, Ohio, for respondents.

### MEMORANDUM, OPINION AND ORDER

KRUPANSKY, District Judge.

This matter is before the Court pursuant to application of the United States Government for an Order Compelling Witnesses to Furnish Handwriting Ex-

emplars before the Grand Jury. Respondents charge infringement of Fourth and Fifth Amendment rights.

Respondents have neither been arrested nor indicted, however, the Government concedes their investigation of respondents in connection with an illegal gambling business. The Government requests the handwriting exemplars for purposes of comparison with written documents seized during the course of a search resulting from a warrant authorized by the United States Magistrate on April 14, 1972.

A hearing was conducted on August 9, 1972, however, the Government offered no evidence beyond the pleadings and the affidavits for Search Warrant upon which the Magistrate acted.

■ Apparent from pronouncements of the United States Supreme Court, handwriting exemplars do not come within the cloak of protection of Fifth Amendment rights against self-incrimination. Gilbert v. California, 388 U.S. 263, 266–267, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); United States v. Wade, 388 U.S. 218, 222–223, 87 S.Ct. 1926, 18 L. Ed.2d 1149 (1967); cf. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *see generally* 43 A.L.R.3d 653 (1972).[1]

The issue of Fourth Amendment infringements in the context of circumstances presented by these proceedings arise, if at all, not from the results of an illegal search and seizure, but rather, from a threatened unreasonable invasion of privacy by the Government through the vehicle of a Grand Jury investigation thus presenting an issue of first impression within the Sixth Circuit. *See generally* United States v. Ruggirello, 454 F.2d 725 (6th Cir. 1972), petition for cert. filed 40 U.S.L.W. 3558 (U.S. May 17, 1972) (No. 71–1501); United States v. Doremus, 414 F.2d 252 (6th Cir. 1969).

---

1. For a discussion concerning related cases *see* Lewis v. United States, 127 U.S.App. D.C. 269, 382 F.2d 817 (1967), cert. denied 389 U.S. 962, 88 S.Ct. 350, 19 L.Ed.2d 377 (1967); United States v. Cassell, 452 F.2d 533 (7th Cir. 1971); United States v. Praigg, 336 F.Supp. 480 (C.D.Cal.1972); United States v. Bailey, 327 F.Supp. 802 (N.D.Ill.1971).

As recently as June 29, 1972, the Supreme Court has reaffirmed the broad investigative authority historically the province of Grand Juries. Branzburg v. Hayes, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972); *see also* Blair v. United States, 250 U.S. 273, 282, 39 S.Ct. 468, 63 L.Ed. 979 (1919).

■ Compulsory appearance before a Grand Jury does not constitute a seizure of a person analogous to police detention. It is well recognized that such appearances "are public duties which every person . . . is bound to perform upon being properly summoned . . . ." Blair v. United States, *supra* at 281, 39 S.Ct. at 471.

■ Obvious, the basic and fundamental purpose of the Fourth Amendment, is to safeguard the privacy and security of individuals against *arbitrary invasions* by Governmental officials. The Amendment thus extends concrete expression to a right of the people which is basic to a free society. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. 2d 889 (1968); Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969); Wolf v. Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949).

■ However, the right of each citizen to "a reasonable expectation of privacy" does not excuse such individual from the obligation to perform his public duty of appearing before a Grand Jury if properly summoned. This is so even if the individual himself is the subject of the investigation. United States v. Doe, 457 F.2d 895, 897 (2nd Cir. 1972), stay granted 406 U.S. 955, 92 S.Ct. 2055, 32 L.Ed.2d 342 (1972); In re Dionisio, 442 F.2d 276 (7th Cir. 1971), cert. granted, 406 U.S. 956, 92 S.Ct. 2056, 32 L.Ed.2d 343 (1972); Mara v. United States, 454 F.2d 580 (7th Cir. 1971), cert. granted, 406 U.S. 956, 92 S.Ct. 2058, 32 L.Ed.2d 343 (1972); In re Riccardi, 337 F.Supp. 253 (D.C.N.J.1972).

Application of the Fourth Amendment standard necessitates, in the first instance, focus upon the Governmental interest which allegedly justifies official intrusion upon the constitutionally protected interests of the private individual.

■ Unfortunately, there can be no ready test for determining reasonableness other than by balancing the need to intrude upon an individual's privacy against the invasion entailed. The term "unreasonable" as used in the Fourth Amendment demands a measure of constitutional sufficiency which varies with each current situation, interpretation of which is the domain of the District Court.

■ Determination by the Court of reasonableness justifying a request to furnish handwriting exemplars to the Grand Jury contemplates an adversary proceeding in open court affording all parties the opportunity of supporting their respective positions by affidavit or other evidence. Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969).

■ The substantive burden that the Government must carry to justify an order to furnish exemplars before the Grand Jury is reasonableness. This Court accepts the findings of the Seventh Circuit Court of Appeals in the case of Mara v. United States, *supra*, wherein it was stated:

Reasonableness in this context is not synonymous with probable cause. Like the reasonableness requirement applied to a grand jury subpoena to produce documentary evidence, a reasonable direction to furnish exemplars requires that the Government's affidavit show that the grand jury investigation was properly authorized, for a purpose Congress can order, that the information sought is relevant to the inquiry, and that the grand jury's request for exemplars is "adequate but not excessive, for the purposes of

**1004**

relevant inquiry." Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 209, 66 S.Ct. 494, 506, 90 L.Ed. 614 [1946]. (footnote omitted) Mara v. United States, *supra* at 584, 585.

The foregoing showing of reasonableness is limited to something less than probable cause if the intrusion into protected privacy arises from a request to furnish physical characteristics for identification purposes.

Briefly summarized, the preliminary showing of reasonableness by the Government to justify its request to furnish handwriting exemplars before the Grand Jury is designed to guarantee that a decision to intrude upon the privacy of individuals is justified by a reasonable Governmental interest. If a valid public interest justifies the intrusion contemplated, then there exists reasonable cause to compel the requested act. Such an approach neither endangers time honored doctrines applicable to criminal investigation, invades the secrecy of Grand Jury proceedings, nor does it make a nullity of individual rights guaranteed by law. The procedures here ordered give full recognition to the competing public and private interest at issue and, in so doing, best fulfills the traditional purpose behind the constitutional right to be free from oppressive and unreasonable invasions of privacy.

An examination of the Government's pleadings and affidavits and upon the record, arguments of counsel and supporting briefs, the Court concludes that the Government has carried the burden of showing reasonableness by sufficiently establishing a connection between the identification evidence sought and the purpose to be served.

Accordingly, the Government's Motion is granted, and it is ordered that John Brancato, Charles Blank (Charles LNU), Ignatius Brancato and James San Felippo furnish and provide handwriting exemplars to a Special Federal Grand Jury as requested by the Government.

It is so ordered.