172 N.J. Super. 555 (1980)
412 A.2d 1324
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
KENNETH BURKE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 25, 1980.
Decided March 18, 1980.
*556 Before Judges ALLCORN, MORGAN and FRANCIS.
*557 G. Dolph Corradino argued the cause for appellant (Leibowitz and Corradino, attorneys; Dore R. Beinhaker on the brief).
Gary H. Schlyen, Assistant Prosecutor, argued the cause for respondent (Burrell Ives Humphreys, Passaic County Prosecutor, attorney).
The opinion of the court was delivered by ALLCORN, P.J.A.D.
Defendant, who has been accused of rape, appeals from an order directing that he submit to the taking of samples of his head hair, pubic hair, saliva and blood for purposes of analysis and comparison with chemical analyses of seminal stains, spermatoza and hair found on the person and clothing of the complainant, as part of the investigation of said complaint.
Defendant contends that, because the application of the State for the order in question was supported by an affidavit which, in part at least, contained hearsay statements, the trial judge should not have considered and relied upon it in issuing the order. In our view, where, as here, the samples are essential in an investigation of a reported criminal offense, the circumstance that the supporting affidavit relating the results of the State's investigation to that date, particularly the evidence already collected implicating and tending to implicate the accused rests on hearsay statements, in no way invalidates or otherwise adversely affects the legal propriety of the order based thereon. Compare State v. Ebron, 61 N.J. 207, 212 (1972); State v. Perry, 59 N.J. 383, 392 (1971); State v. Thrunk, 157 N.J. Super. 265, 278 (App.Div. 1978); Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956).
Nor do we discern any merit in defendant's constitutional arguments. It is settled that the compulsion involved in requiring the giving of blood, hair and saliva samples is not violative of the defendant's Fifth Amendment rights against self-incrimination. The Fifth Amendment bars testimonial compulsion; *558 the taking of the samples ordered here do not implicate any type or kind of testimonial or other communication. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1965). And, although the taking of such samples from defendant may be subject to the requirements of the Fourth Amendment, Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969); Schmerber v. California, supra; Brent v. White, 398 F.2d 503 (5 Cir.1968), cert. den. 393 U.S. 1123, 89 S.Ct. 998, 22 L.Ed.2d 130 (1969); In re Fingerprinting of M.B., 125 N.J. Super. 115 (App.Div. 1973); State v. Brierly, 109 Ariz. 310, 509 P.2d 203 (Sup.Ct. 1973); In re Kelley (D.C.Ct.App. 1980), the results of the investigation by the law enforcement authorities to date are such as to constitute substantial probable cause to believe that evidence relevant to the commission of a criminal act will be discovered by the samples, State v. Cary, 49 N.J. 343, 350, 230 A.2d 384 (1967), and are such that the brief detention of and inconvenience to the defendant essential to obtaining the samples is not unreasonable in the circumstances, Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); In re Kelley, supra; Wise v. Murphy, 275 A.2d 205 (D.C.Ct.App. 1971).
Affirmed.