(No. 41047

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
PURCELL MOORE, Appellant.

*Opinion filed September 26, 1969.*

PHILIP L. MANDELL, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES S. VELDMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

The defendant, Purcell Moore, was tried by the court without a jury in the circuit court of Cook County and convicted of the crime of burglary. Sentenced to the penitentiary for a term of not less than 10 nor more than 20 years, he has appealed to this court claiming that his constitutional rights were violated at his trial.

The victim of the burglary, Sherman Williams, testified that he was awakened in his basement apartment at about 5 o'clock in the morning on February 18, 1967, by a rattling of venetian blinds. When he walked from his bedroom into the hallway, which was illuminated by a low hanging 25 watt bulb, he found himself face to face with a man whom he identified as the defendant. Williams stated that both he and the intruder stood a foot or two apart for about a minute and then he called to his wife to get his gun. At that the intruder ran toward the window, and in an effort to prevent his escape, Williams struck him in the back of his legs several times with a small chair. Williams dressed and ran from the house but did not see the burglar. He got into his auto and drove but a short distance when he found a

police squad car and reported the incident. The officer called another police car and the officer and Williams returned to his home. A short time later another police officer arrived and in the course of searching Williams's home, found a button on the floor near the window.

About 40 minutes after the incident, the defendant was apprehended in the vicinity by a police officer who had received notice of the burglary and a description of the burglar's clothing. The police officer, to whom Williams had given the description, testified that Williams had said then that he had observed the intruder for possibly half a minute and that he would be able to recognize him. At the time of the defendant's arrest he was wearing a jacket from which one button was missing. The defendant was taken to a police station and Williams's testimony was that as soon as he entered the station, he identified the defendant, who was standing at the desk, as the man who had been in his apartment. One police officer testified that the defendant was asked to roll up his trouser legs and that no bruises on his legs were apparent. The officer testified that this examination was made in the presence of Williams and another police officer but neither the officer nor Williams recalled examining the defendant's legs.

The defendant complains that the in-court identification testimony of Williams was inadmissible because it was the product of a prejudicial pretrial confrontation.

In *People* v. *Nelson,* 40 Ill.2d 146, this court observed that the Supreme Court in *Stovall* v. *Denno,* 388 U.S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967, recognized that where "a pretrial identification proceeding occurred on or before June 12, 1967, [the effective date of *United States* v. *Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926, and *Gilbert* v. *California,* 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951] a defendant, who was without counsel, is free to establish, based on the totality of the surrounding circumstances, that the viewing of the accused was so wanting in

fairness as to deprive him of due process of law. We believe that *Stovall* requires that a defendant so claiming must prove that 'the confrontation conducted * * * was so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law.' 388 U.S. at 301-2, 18 L. Ed. 2d at 1206, 87 S. Ct. at 1972." (40 Ill.2d at 150; see also *People* v. *Blumenshine, 42* Ill.2d 508.) However, such a claim cannot be supported here. The record clearly shows that Williams's trial identification of the defendant had an origin independent of and uninfluenced by the encounter at the police station. (See: *People* v. *Blumenshine, 42* Ill.2d 508.) He observed the defendant at extremely close range in face to face confrontation in the hallway which was shown to be adequately lighted. A courtroom test had been conducted to demonstrate the amount of illumination provided by a 25 watt bulb. In discussing the evidence at the conclusion of the trial, the court stated that having observed the demonstration he was of the opinion that, considering the small hallway, such a bulb could have afforded Williams an opportunity to identify the defendant. We conclude that the defendant's constitutional claims must be rejected.

The defendant also claims that the evidence was insufficient to establish his guilt. This argument is based upon the alleged weakness of the identification testimony, the fact that the defendant presented an alibi defense, and the claim that the button found at the scene was not from the defendant's jacket. We have previously discussed the identification testimony and are of the opinion that it was not defective. The defendant did present witnesses in an attempt to establish an alibi and it is true that the testimony of these witnesses, if believed by the trial judge, would have established that he was elsewhere at the time of the crime. However, in discussing the evidence at the conclusion of the trial, the judge stated that he wished to make a specific finding as to the credibility of the witnesses. He states that he

found the testimony of Williams credible and that he did not attach credibility to the testimony of the defense witnesses. The court declared that it simply did not believe the testimony of defendant's brother which, if accepted, would have established an alibi. The trial judge obviously was not obliged to accept the testimony of the alibi witnesses.

. Concerning the question of the button, the defendant's mother testified that sometime prior to the burglary the defendant had told her that a button had fallen from his coat and had asked her to replace it. There was also testimony that a button was found in the defendant's wallet after his arrest, and the defendant argues that this button, and not the one found at the scene, was the button which belonged to his jacket. Both buttons were examined by the trial judge and he stated that the button found at the scene was corroborative evidence of defendant's guilt since it very closely resembled the other buttons on the coat.

The assertions already discussed were the only ones raised by counsel for defendant on this appeal. By leave of court the defendant filed a *pro se* brief in which other questions are raised. In that brief the defendant contends that his arrest was illegal and argues that the seizure of his articles was illegal. The defendant was represented at his trial by counsel and the alleged irregularity of the arrest and search was not presented to the trial court. Constitutional claims may, of course, be waived and the failure to assert this claim in the trial court makes it unnecessary to consider it here.

He also argues that he was not taken before a magistrate until two days following his arrest. There is no claim that a statement was taken from him at any time and no claim of improper treatment is made. No statement was introduced at the trial. The alleged failure to bring the defendant before a magistrate, even if it were supported by the record, affords no basis for reversal. The defendant further argues that he was prejudiced at the preliminary hearing when the

judge told defense counsel that it was unnecessary to present a full defense at that time since he had already made a finding of probable cause. We cannot perceive prejudice to the defendant from this. It is further claimed that the defendant's constitutional rights were violated when he was forced to exhibit his legs. However, this was not a compelled "testimonial activity" and was permissible. (*United States* v. *Wade*, 388 U.S. 218, 222, 223, 18 L. Ed. 2d 1149, 1155.) In fact, the evidence of the examination was brought out and used by counsel for the defendant in arguing in the trial court and here that the absence of bruises casts doubt upon the guilt of the defendant. We find no prejudicial error.

The defendant's final claim relates to an incident during the testimony of his mother. She was asked to relate a conversation the defendant had with her concerning the missing button and the prosecutor objected but later stated that he would waive the objection if counsel for the defendant would state that the defendant was going to take the stand. The defendant contends that he was thereby prejudiced because the court drew an unfavorable inference from his failure to testify. The record shows that shortly after the objection the defendant's mother testified without objection that the defendant had asked her to sew on the missing button. We do not believe that the prosecutor's objection and his statement as to the defendant taking the stand was prejudicial to the defendant in this bench trial.

We have considered all of the claims submitted by counsel for the defendant on this appeal and by the defendant himself, and are of the opinion that the defendant received a fair trial and that his guilt was established beyond a reasonable doubt. The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*