58

(No. 42080.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ROBERT T. KEYS, Appellant.

*Opinion filed March 24, 1970.*

WARD, J., took no part.

DAVID GLICKSTEIN, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JOSEPH ROMANO, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

In August, 1967, a Cook County circuit court jury found Robert T. Keys guilty of murder, and a sentence of 14 to 20 years imprisonment was imposed. Defendant's *pro se* petition for post-conviction relief was dismissed on the State's motion in December, 1968, and defendant appeals that dismissal. Keys contends that he was improperly denied counsel other than the public defender in the post-

conviction proceedings, and also that he was denied effective representation by counsel.

The sole reason stated in the post-conviction petition for appointment of counsel other than the public defender was as follows: "Petitioner states that in as much as he was represented by Bar Association Attorney at his Original Trial that he Prays to Continue to be Represented on appeal by a Court Appointed Bar Association Attorney, * * *." Since Keys gave no indication that the public defender could not adequately represent him, the court's appointment of that officer as counsel was entirely within its discretion and proper under the circumstances. *People* v. *Smith*, 37 Ill.2d 622, 623.

The *pro se* petition was based upon defendant's belief, clearly erroneous under the facts of his case, that his conviction was obtained in violation of the statutory requirement of trial within 120 days. The error arises because defendant computes the 120-day period as commencing to run on the date a continuance at his request was *granted,* rather than the date to which the cause was at that time continued. (Ill. Rev. Stat. 1967, ch. 38, par. 103—5.) Appointed counsel stated to the court, in the proceedings on the petition, that he had attempted to explain to Keys the error of his calculation, and further that he had suggested to him that he should seek a continuance of the post-conviction proceedings to allow time for counsel's examination of the trial record in order to ascertain whether other grounds for post-conviction relief existed. In spite of counsel's suggestions, and the persistent and thoroughly candid explanation of the court that only one opportunity for presentation of a post-conviction petition is accorded a defendant, Keys persisted in his demand that the court rule on the petition immediately. He was fully advised of the consequences of his choice to proceed rather than seek a continuance, and was repeatedly counseled on the record that if any grounds for relief did exist, they would be waived if not then raised in an

amended petition. Nevertheless, Keys demanded an immediate ruling. Having no alternative, the court dismissed the petition.

It is now claimed that Keys was denied the effective representation of counsel, since the public defender had not read the trial record, did not seek leave to amend the *pro se* petition, and announced to the court that he felt defendant's *pro se* petition was without merit. We have reviewed the record of the proceedings on the petition and are of the opinion that defendant was fully aware of his right to effective representation, and of the consequences of his persistent demand for an immediate ruling. Under these circumstances he may not now complain of the absence of the quality of representation which his insistence upon an immediate ruling and the refusal to accept a continuance prevented. See *People* v. *Moore,* 43 Ill.2d 102; *People* v. *Davis,* 39 Ill.2d 325.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. Justice Ward took no part in the consideration or decision of this case.