In the Matter of Grand Jury Proceedings.
UNITED STATES of America, Plaintiff-Appellee,
v.
Linda DINSIO, Defendant-Appellant.
No. 72-2413.

United States Court of Appeals, Ninth Circuit.
Sept. 15, 1972.
Rehearing Denied Jan. 11, 1973.

Michael D. Nasatir (argued), of Nasatir, Sherman & Hirsch, Beverly Hills, Cal., for defendant-appellant.

John F. Walter, Asst. U. S. Atty. (argued), Eric A. Nobles, Andrew R. Willing, Asst. U. S. Attys., William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, HUFSTEDLER, and WALLACE, Circuit Judges.

HUFSTEDLER, Circuit Judge:

Dinsio appeals from a contempt order issued when she refused to comply with the district court's order to furnish finger and palm print exemplars to a federal grand jury. In refusing to submit to the grand jury's request for the exemplars and to the court's order, she relied on the Fourth, Fifth and Sixth Amendments. We reverse the order because the procedures anteceding the contempt order deprived her of due process of law secured by the Fifth Amendment. We do not reach the other constitutional issues that she raises on appeal.

No evidentiary hearing was held. To support its motion to compel Dinsio to produce the exemplars, the United States attorney, representing the grand jury, submitted to the court *in camera* an affidavit of an FBI agent. All requests by Dinsio's counsel to inspect the affidavit or to examine the affiant were denied. The court indicated that, based upon a reading of the affidavit, the grand jury's request for the exemplars was "reasonable." No other evidence was offered.

The statutory basis of an order compelling the witness to comply with the grand jury's request is 28 U.S.C. § 1826(a):

"Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses *without just cause shown* to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such

information. . . ." (Emphasis added.)

Under Harris v. United States (1965) 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240, the "normal" procedure for compelling the witness to comply with a grand jury's demand for information is set forth by Rule 42(b) of the Federal Rules of Criminal Procedure.[1] "Rule 42(b) prescribes the 'procedural regularity' for all contempts in the federal regime except those unusual situations envisioned by Rule 42(a) where instant action is necessary to protect the judicial institution itself." (382 U.S. at 167, 86 S.Ct. at 355–356) (Footnote omitted.)

■ The Due Process Clause requires that the *rudimentary concepts of fair play* reflected in Rule 42(b) be applied to afford Dinsio a real opportunity to meet the just-cause criterion of Section 1826(a). As applied to this case, these principles mean that the affidavit must be disclosed to Dinsio and her counsel. (Cf. Dennis v. United States (1966) 384 U.S. 855, 873, 86 S.Ct. 1840, 16 L.Ed.2d 973; Mara v. United States (7th Cir. 1971) 454 F.2d 580, 582, cert. granted United States v. Mara (1972), 406 U.S. 956, 92 S.Ct. 2058, 32 L.Ed.2d 343.) The grand jury must make a foundational showing that the exemplars have some relevance to the investigation that it is conducting. Dinsio cannot be expected to demonstrate just cause in a factual vacuum. She cannot be relegated to the status of "a blind man striking at an invisible foe." (Chernekoff v. United States (9th Cir. 1955) 219 F.2d 721, 724.) She is entitled to an uninhibited

adversary hearing in which she can develop her proof that she has just cause to refuse the grand jury's demand. (*Cf.* Alderman v. United States (1969) 394 U.S. 165, 183–184, 89 S.Ct. 961, 22 L.Ed. 2d 176, rehearing denied 394 U.S. 939, 89 S.Ct. 1177, 22 L.Ed.2d 475; Dennis v. United States, *supra,* 384 U.S. at 873–875, 86 S.Ct. 1840.)

■ Nothing in the record before us provides any basis upon which we could conclude that these disclosures could or would impermissibly compromise the secrecy of the grand jury proceedings. Moreover, modest breaches of grand jury secrecy may well be required when nondisclosure would defeat fundamental constitutional rights, including the right to due process of law. (*Cf.* Bursey v. United States (9th Cir. 1972) 466 F.2d 1059; Mara v. United States, *supra,* 454 F.2d at 583–584.)

Reversed and remanded for further proceedings consistent with the views herein expressed.

The mandate shall issue forthwith.

CHAMBERS, Circuit Judge (concurring):

I concur in holding that before a commitment order should be made, the Government must make a showing that the witness' failure to comply with the Grand Jury command to give finger and palm prints was without just cause. This in my view would not require the government to disclose its whole case, but would require enough to show that the proceeding was not pure fishing or harassment. Here, the Government

---

1. "A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the United States attorney or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. The defendant is entitled to a trial by jury in any case in which an act of Congress so provides. He is entitled to admission to bail as provided in these rules. If the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing except with the defendant's consent. Upon a verdict or finding of guilt the court shall enter an order fixing the punishment."

had an affidavit "justifying" its demand, but this was considered only by the district court *in camera* and was available only to it.