(No. 45409.—

## THE PEOPLE *ex rel.* EDWARD V. HANRAHAN, State's Attorney, Petitioner, v. JOSEPH A. POWER, Circuit Judge, *et al.,* Respondents.

*Opinion filed April 2, 1973.*

GOLDENHERSH, J., dissenting.

EDWARD V. HANRAHAN, State's Attorney, of Chicago (WILLIAM HEDRICK and DOUGLAS MOMEYER, Assistant State's Attorneys, of counsel), for petitioner.

WILLIAM R. MING, JR., ALDUS S. MITCHELL and SOPHIA H. HALL, all of Chicago, for respondents.

MR. JUSTICE DAVIS delivered the opinion of the court:

The issue in this case is whether a grand jury witness may interpose either his fifth-amendment privilege against self-incrimination, or its Illinois counterpart, section 10 of article I of the Illinois constitution, against an order compelling him to produce handwriting exemplars, and whether the fourth amendment, in its application to the States through the due-process clause of the fourteenth amendment, requires the State to make a preliminary showing of reasonableness before such witness can be compelled to produce such exemplars.

This is an original action seeking a writ of *mandamus* or prohibition (Rule 381, Ill. Rev. Stat. 1971, ch. 110A, par. 381); it involves the grand jury investigation of the circumstances surrounding the nominating petitions of Raymond K. Berg, a candidate for State's Attorney for Cook County.

It appears that the grand jury heard testimony

concerning a nominating petition circulated by Thomas Richards. An investigator testified that he interviewed 18 of the persons whose names appeared thereon, and that 16 of them stated that they had not signed the petition. The grand jury caused a subpoena to be issued to Thomas Richards, requiring him to appear before that body and to produce: "(1) A sample of your handwriting consisting of no less than twenty words; (2) Driver's license; (3) Social Security Card." Richards appeared but refused to submit the requested handwriting exemplars or other documents. The grand jury thereupon requested Judge Joseph A. Power to issue a rule to show cause why Richards should not comply with the demands of the grand jury. Richards filed an answer to the rule to show cause and a motion to quash the *subpoena duces tecum*.

Subsequently, Judge Power quashed the *subpoena duces tecum* insofar as it required Richards to produce the handwriting exemplars, but ordered him to produce the driver's license and social security card. This order was complied with.

A handwriting expert later testified that the documents submitted by Richards were insufficient for him to form an opinion as to the similarity of the signatures on the nominating petition by a comparison of the documents with a copy of such petition. The grand jury then sought an order requiring additional handwriting exemplars from Richards. Judge Power refused to issue such order and discharged the rule to show cause.

The petition before this court asks that a writ of *mandamus* or prohibition issue requiring Judge Power: (1) to order Richards to submit exemplars of his handwriting, and (2) to expunge those orders which in effect held that Richards need not furnish such exemplars.

Richards contends that requiring him to furnish such exemplars would violate his rights under the fourth and fourteenth amendments to the United States constitution to be free from unreasonable searches and seizures, and that this is not an appropriate case for the issuance of a

writ of *mandamus* or prohibition. In addition to the search-and-seizure grounds, the respondent judge also refused to order the handwriting exemplars on the ground such order would violate Richards's constitutional rights against self-incrimination under section 10 of article I of the Illinois constitution and under the fifth amendment of the United States constitution.

We will first consider the appropriateness of this case for the exercise of original jurisdiction to issue a writ of *mandamus* or prohibition. Richards contends that since there is a conflict of authority among the courts of other jurisdictions on the question of whether one may be compelled to give handwriting exemplars, there is no clear right to the order requested, and thus no right to the issuance of either of such writs. We disagree. Such division of authority on this issue does not necessarily indicate that there is no clear right to the order requested in the case at bar. Where there is a dichotomy of authority on an issue, the validity of one of the two views must be accepted as legally correct. Either the order of the grand jury to produce the handwriting exemplars was constitutionally permissible or it was not. In either event, the trial court must exercise its supervisory powers to enforce, or set aside, the grand jury order. (*People v. Sears (1971), 49 Ill.2d 14, 28.*) We have heretofore recognized that in its supervisory and administrative capacity, this court may consider the propriety of issuing writs of *mandamus* or prohibition when the issues involved are of general and compelling importance. We have applied this criteria in reviewing the trial court's exercise of supervision over the investigations of a grand jury. (*People ex rel. Sears v. Romiti (1971), 50 Ill.2d 51, 54-55; People v. Sears (1971), 49 Ill.2d 14, 32-33;* also see: *People ex rel. General Motors Corp. v. Bua (1967), 37 Ill.2d 180, 192.*) This is an appropriate case for this court to exercise original jurisdiction under Supreme Court Rule 381. 50 Ill.2d R. 381.

We next turn to the contention that an order to

compel Richards to furnish additional handwriting exemplars would violate his rights under the fourth amendment in its application to the States through the due-process clause of the fourteenth amendment, in that such an order would compel an unreasonable search and seizure. Richards relies upon two recent Seventh Circuit cases: *Mara v. United States (7th cir. 1971), 454 F.2d 580,* and *Dionisio v. United States (7th cir. 1971), 442 F.2d 276.* Since the time when Judge Power entered the orders complained of, the United States Supreme Court granted writs of *certiorari* in both *Dionisio* and *Mara* and thereafter reversed the Court of Appeals in each case. *United States v. Dionisio (1973), 410 U.S. 1, 35 L. Ed. 2d 67, 93 S. Ct. 764, United States v. Mara (1973), 410 U.S. 19, 35 L. Ed. 2d 99, 93 S. Ct. 774.*

In *Dionisio* the witnesses were found in contempt by the United States District Court for refusing to furnish voice exemplars sought by the grand jury. They contended that their refusal was justified on the grounds of the fifth-amendment privilege against self-incrimination and the fourth-amendment protection against unreasonable searches and seizures. The Court of Appeals reversed the District Court. It rejected the contention that the compelled production of voice exemplars would violate the fifth-amendment rights of witnesses, but held that their fourth-amendment rights would be violated by an order directing them to give such exemplars. It further held that the fourth amendment required a preliminary showing of reasonableness before a grand jury witness could be compelled to furnish a voice exemplar, and that under the fourth amendment the grand jury could not compel the production of voice exemplars, absent a showing of the reasonableness of the seizure.

In *Mara* the witness was found in contempt of court for refusing to furnish handwriting and printing exemplars to the grand jury. The Court of Appeals, relying on its decision in *Dionisio v. United States,* again reversed the

District Court and found that the order to furnish such exemplars would constitute an unreasonable search and seizure and would violate the fourth-amendment rights of the witness.

The issues before the United States Supreme Court in these cases were fully considered in *United States v. Dionisio (1973), 410 U.S. 1, 35 L. Ed. 2d 67, 93 S. Ct. 764,* and were, by reference to *Dionisio,* summarily decided in *United States v. Mara (1973), 410 U.S. 19, 35 L. Ed. 2d 99, 93 S. Ct. 774.*

In rejecting the fifth-amendment-violation contention, the Supreme Court in *Dionisio, 410 U.S. 1, 5-6, 35 L. Ed. 2d 67, 74, 93 S. Ct. 764, 767,* stated:

> "The Court of Appeals correctly rejected the contention that the compelled production of the voice exemplars would violate the Fifth Amendment. It has long been held that the compelled display of identifiable physical characteristics infringes no interest protected by the privilege against compulsory self-incrimination."

In *Mara,* the Supreme Court succinctly stated:

> "We have held today in *Dionisio,* that a grand jury subpoena is not a 'seizure' within the meaning of the Fourth Amendment, and further, that that Amendment is not violated by a grand jury directive compelling production of 'physical characteristics' which are 'constantly exposed to the public.' *Ante,* at 9-10, 14. Handwriting, like speech, is repeatedly shown to the public, and there is no more expectation of privacy in the physical characteristics of a person's script than there is in the tone of his voice. See *United States v. Doe (Schwartz),* 457 F.2d 895, 898-899; *Bradford v. United States,* 413 F.2d 467, 471-472; cf. *Gilbert v. California,* 388 U.S. 263, 266-267. Consequently the Government was under no obligation here, any more than in

*Dionisio,* to make a preliminary showing of 'reasonableness.' " 410 U.S. 19, 21-22, 35 L. Ed. 2d 99, 102-103, 93 S. Ct. 774, 775-776.

These decisions of the United States Supreme Court are dispositive of the fourth-, fifth- and fourteenth-amendment issues presented in this proceeding.

Section 10 of article I of the Illinois constitution of 1970 provides: "No person shall be compelled in a criminal case to give evidence against himself ***." This identical language appeared in section 10 of article II of the constitution of 1870. The fifth amendment to the United States constitution provides that "No person *** shall be compelled in any criminal case to be a witness against himself ***." The two provisions differ in semantics rather than in substance and have received the same general construction. In *People v. Moore (1969), 43 Ill.2d 102,* the defendant, who was charged with burglary, was forced to exhibit his legs to the police to determine whether they were bruised. He claimed this violated his constitutional rights under section 10 of article I. However, the court held that this was not compelled testimonial activity and was permissible. (43 Ill.2d 102, 107.) *United States v. Wade, 388 U.S. 218, 222-223, 18 L. Ed. 2d 1149, 1155, 87 S. Ct. 1926,* was cited as authority for this holding. That case was decided on the basis of the fifth amendment.

In *People v. Krauser (1925), 315 Ill. 485,* this court held that facts disclosed at a physical and mental examination of an accused by physicians did not vitiate an accused's constitutional privilege of not giving evidence against himself where the defense of insanity is interposed. (315 Ill. 485, 506-507.) In the light of these decisions, we find no violation of Richards' constitutional rights under section 10 of article I.

Accordingly, it is ordered that a writ of *mandamus* be issued as prayed in the petition for such writ as filed herein.

*Writ awarded.*

MR. JUSTICE GOLDENHERSH, dissenting:

I dissent. To order this witness, who was obviously the subject of investigation and very likely to be indicted, to give the handwriting exemplars, is for the reasons stated in the dissenting opinions of Mr. Justice Douglas and Mr. Justice Marshall in *Dionisio* and *Mara* (see 410 U.S. at 23, 31, 35 L. Ed. 2d at 82, 87, 93 S. Ct. at 777, 781) a clear violation of his rights under the Federal constitution and a flagrant violation of the rights guaranteed under sections 6 and 10 of article I of the constitution of 1970, which in my opinion impose higher standards. The only redeeming aspect of the decision of the majority is that our permitting this type of abuse of the grand jury's process will hopefully hasten the day when the General Assembly, in accordance with section 7 of article I of the constitution, will "abolish the grand jury or further limit its use."

I would dismiss the original action and deny the writ.