In the Matter of Stanley Cecil BRAUGHTON, Grand Jury Witness.

UNITED STATES of America, Appellee,

v.

Stanley Cecil BRAUGHTON, Appellant.

No. 75–2161.

United States Court of Appeals, Ninth Circuit.

June 24, 1975.

Gordon D. Lapides (argued), San Francisco, Cal., for appellant.

J. Brannigan, Asst. U. S. Atty. (argued), San Diego, Cal., for appellee.

## OPINION

Before TRASK, GOODWIN and WALLACE, Circuit Judges.

PER CURIAM:

Stanley Cecil Braughton appeals an order adjudging him in contempt of court and ordering him into custody pursuant to 28 U.S.C. § 1826(a) for refusing without just cause to provide a handwriting exemplar in an appearance before a grand jury.

A stay was granted and Braughton has remained at liberty on bond pending this expedited appeal under § 1826(b). He challenges the order to complete the handwriting exemplar on two main grounds: (1) an alleged defect in the warrant for his arrest as a material witness; and (2) an assertion that the form of the exemplar violates his privilege against self-incrimination.

■ The warrant for Braughton's arrest was supported by a sealed affidavit which satisfied the issuing district judge of the need for Braughton's appearance and informed the judge of facts that made the warrant advisable. The affidavit was sealed because it referred to matters that could not be made public without jeopardizing investigations involving individuals not yet in custody. We have examined the affidavit and are satisfied that the judge who issued the warrant did not abuse his discretion in issuing the warrant, nor in ordering the affidavit sealed until such time as the danger of flight and destruction of evidence had passed.

■ The refusal of another district judge (to whom the pending request for an exemplar was made) to turn the affidavit over to the witness and his counsel was likewise not an abuse of discretion. The second judge correctly refused to entertain a "horizontal" appeal from the warrant issued by the first judge. We agree that the confidentiality of the affidavit should be preserved until the need for secrecy has passed. We find no basis in the proceedings below for a collateral attack on the manner in which the wit-

ness came before the grand jury. Accordingly, his first point provides no "just cause" for his refusal to complete the exemplar.

■ Turning to the Fifth Amendment contention, specifically made for the first time on appeal, we likewise find in it no just cause for the refusal of the witness to complete the exemplar. During several proceedings in the district court, over a period of more than one month, assisted by counsel, the witness made no objection that any specific part of the handwriting exemplar would, if completed, contain the sort of incriminating testimonial matter that would justify a Fifth Amendment challenge under *United States v. Mara,* 410 U.S. 19, 22, 93 S.Ct. 774, 35 L.Ed.2d 99 (1973).

Braughton's claim that he preserved his objection below is based upon a written memorandum filed in court which included the following statement:

"* * * In fact, in this matter, much of the first page of the exemplar form proffered by the government (Exhibit A) is testimonial and prejudicial as well in that it implies on its face that the witness was a subject of an arrest by the San Diego Sheriff's Department. The witness is certainly entitled to the protections afforded Mara without being in contempt of this court."

■ As noted, Braughton has categorically refused to complete any part of the handwriting exemplar. The district judge was under no duty to negotiate with him after he had refused to complete any part of the exemplar. If he had a Fifth Amendment objection, he should have pointed out the part of the request which he was challenging. If a specific objection had been made to a specific item on the printed form, the court would have been required to determine whether the witness had "just cause" for making a Fifth Amendment claim with reference to the item objected to. 28 U.S.C. § 1826(a). A witness has no general right to refuse to obey an order to make a handwriting exemplar which on its face contains no request for testimonial matter. *United States v. Mara, supra.* Nor is it a defense to the resulting contempt adjudication to assert in general, conclusory language that "much of the first page * * * is testimonial."

■ To the extent that our decision in *United States v. Dinsio,* 468 F.2d 1392 (9th Cir. 1972), may be considered to support the witness in his refusal to cooperate, it has been superseded by *United States v. Mara,*[1] *supra,* and *United States v. Dionisio,* 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973). Nothing in the law of this circuit now requires a court to interrupt the grand jury while a recalcitrant witness produces a series of minitrials challenging the reasonableness of the government's efforts to obtain fingerprint, voice, or handwriting exemplars or the relevance of such exemplars to the government's case. *See United States v. Dionisio,* 410 U.S. at 15–18, 93 S.Ct. 764. *Cf., Droback v. United States,* 509 F.2d 625 (9th Cir. 1974), *cert. denied,* 421 U.S. 964, 95 S.Ct. 1952, 44 L.Ed.2d 450 (1975).

The judgment is affirmed. The stay is vacated. The mandate will issue forthwith. Bail is revoked.

---

1. In *Dinsio,* we relied in part upon the circuit decision in *Mara* which was specifically overruled by the Supreme Court. *Mara v. United States,* 454 F.2d 580 (7th Cir. 1971), *rev'd,* 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed.2d 99 (1973).