**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INVESCO HIGH YIELD FUND; INVESCO V.I. HIGH YIELD FUND; MORGAN STANLEY GLOBAL FIXED INCOME OPPORTUNITIES FUND; and MORGAN STANLEY VARIABLE INSURANCE FUND, INC. CORE PLUS FIXED INCOME PORTFOLIO, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> HANS JECKLIN, <br><br> Defendant-Appellant, <br><br> and <br><br> SWISS LEISURE GROUP AG; JPC HOLDING AG; GEORGE HAEBERLING; JOHN TIPTON; CHRISTIANE JECKLIN, <br><br> Defendants. | No. 21-15809 <br><br> DC No. 2:05 cv-1364-RFB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted July 7, 2021
San Francisco, California

Before:     TASHIMA and GRABER, Circuit Judges, and VRATIL,[**] District Judge.

Hans Jecklin appeals the district court's May 28, 2020, order granting Plaintiffs' motion to compel, the district court's March 31, 2021, civil contempt order, and the arrest warrant entered by the district court on April 1, 2021. We have jurisdiction under 28 U.S.C. § 1291. *See Hilao v. Est. of Marcos*, 103 F.3d 762, 764 (9th Cir. 1996). We review for an abuse of discretion. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (rulings on motions to compel); *Hilao*, 103 F.3d at 764–65 (contempt under Fed. R. Civ. P. 37(b)(2)(A)); *In re Grand Jury Proc.*, 801 F.2d 1164, 1167 (9th Cir. 1986) (per curiam) (findings of contempt under 28 U.S.C. § 1826). We affirm.[1]

**1.**     The district court's finding of contempt did not deny Jecklin due process. Jecklin received, "the procedural safeguards of notice and a reasonable time to prepare a defense" to which he was entitled. *United States v. Powers*, 629 F.2d 619, 626 (9th Cir. 1980). Because this case does not involve criminal

---

[**]     The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

[1]     In a concurrently filed opinion, we address Jecklin's challenge to the arrest warrant and hold that the district court had authority to issue the arrest warrant under 28 U.S.C. § 1826(a).

contempt, the district court was not required to issue an order to show cause. *Cf.*

Fed. R. Crim. P. 42(a)(1)[2]. The district court, moreover, did not preclude Jecklin

from offering any arguments or evidence in his defense. Indeed, Jecklin does not

identify any document or argument that he was prevented or deterred from

presenting. Finally, because the contempt finding did not turn on disputed

questions of fact, no evidentiary hearing was required. *See United States v. Ayres*,

166 F.3d 991, 995–96 (9th Cir. 1999). Jecklin's contention that the contempt was

punitive, and hence that the additional procedural protections of Rule 42 applied, is

without support in the record.

    **2.**    Plaintiffs satisfied their "burden of showing by clear and convincing

evidence that [Jecklin] violated a specific and definite order of the court." *FTC v.*

*Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting *Stone v. City &*

*County of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)). Jecklin failed to

provide *any* discovery responses in response to the district court's May 28, 2020,

order granting Plaintiffs' motion to compel. Instead, he advised the court, through

his counsel, that he and his co-defendants "are not going to comply with the Court

order compelling discovery because they do not accept jurisdiction of this Court

and they consider Your Honor's decision not to be enforceable in Switzerland."

---

[2]    Note that there is no parallel provision in the Civil Rules.

Any reasonable litigant would have understood that these actions constituted a refusal to comply with the May 28 order. *Cf. In re Braughton*, 520 F.2d 765, 767 (9th Cir. 1975) (per curiam) ("Braughton has categorically refused to complete any part of the handwriting exemplar. The district judge was under no duty to negotiate with him after he had refused to complete any part of the exemplar.").

    **3.** The district court did not abuse its discretion in granting Plaintiffs' motion to compel.[3] The district court properly exercised is discretion to overlook Plaintiffs' minor noncompliance with District of Nevada Local Rule 26-7(b).[4] Plaintiffs, moreover, were entitled to conduct post-judgment discovery under Federal Rule of Civil Procedure 69. Read together with the district court's findings of fact and conclusions of law after trial, the judgment both identified the parties for and against whom judgment was being entered and provided a definite and certain designation of the amount that Plaintiffs were owed by Jecklin and his co-defendants. The judgment therefore constituted a "money judgment." *See Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1101–02 (9th Cir. 2011).

---

    [3] We construe Jecklin's notice of appeal to include the May 28, 2020, order granting Plaintiffs' motion to compel. *See West v. United States*, 853 F.3d 520, 523–24 (9th Cir. 2017).

    [4] Moreover, that noncompliance was remedied in short order.

**4.** Jecklin suggests that the district court's contempt order would require him to pay a $1,000-per-day fine even if he were confined pursuant to the arrest warrant. He argues that, in the absence of specific findings, simultaneous sanctions of that nature would be excessive. *See Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992) ("Generally, the minimum sanction necessary to obtain compliance is to be imposed."); *In re Grand Jury Impaneled Jan. 21, 1975*, 529 F.2d 543, 551 (3d Cir. 1976) ("[A] district court may use these civil sanctions interchangeably or successively, but not simultaneously in the absence of findings supported by the record showing the necessity for such severe action.").

At this juncture, Jecklin's concern is only speculative. Jecklin is out of the country and the arrest warrant will not be executed unless and until he returns to the United States. Of course, the district court is free to amend its warrant and order so that the imposition of the daily fine will be suspended during any period in which Jecklin is in custody pursuant to the warrant, thus eliminating the cause of Jecklin's concern. Altrnatively, the court may make findings in support of the necessity of concurrently imposing *both* a daily fine and imprisonment. But,

because the concern is premature, we do not address it at this time.[5] Jecklin can challenge the imposition of simultaneous sanctions unsupported by specific findings in the future should that scenario actually arise.

The order granting Plaintiffs' motion to compel and the contempt order are **AFFIRMED**.

---

[5] Neither do we address the applicability of the fugitive disentitlement doctrine as it has not been raised by the parties.