THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JAMES WILLIAMS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 12, 1968—Decided July 14, 1969.

Before Judges GAULKIN, COLLESTER and LABRECQUE.

*Mrs. Miriam N. Span,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Harold N. Springstead,* Assistant Prosecutor, argued the cause for respondent (*Mr. Guy W. Calissi,* Bergen County Prosecutor, attorney).

PER CURIAM. Defendant was convicted of murder, rape and atrocious assault and battery and he appeals.

Defendant contended that the indictments against him should have been dismissed because of the systematic exclusion of Negroes from the grand jury of Bergen County which indicted him. His brief stated that his

"\* \* \* challenge to the array of the jury panel was heard and denied by Judge Kole. Judge Kole stated \* \* \* that the same issue was \* \* \* before Judge Botter in *State v. Rochester* and that a motion for reconsideration could be made based on the decision in that case. Judge Botter denied the motion in *State v. Rochester* [105 *N. J. Super.* 529 (*Law Div.* 1967)] and the New Jersey Supreme Court \* \* \* granted [Rochester] leave to appeal (leave granted 4/30/68). The same Grand Jury panel indicted the defendant, James Williams, that indicted Herman Rochester. The defendant, therefore, agrees to be bound by the Supreme Court's decision in *State v. Rochester*, as to whether Negroes have been systematically excluded from the Bergen County Grand Jury."

Consequently, we awaited the decision of the Supreme Court in *Rochester*. On May 19, 1969 the Supreme Court affirmed Judge Botter's decision, *State v. Rochester,* 54 *N. J.* 85 (1969). Accordingly, we reject this ground of appeal.

Defendant argues that his motion to suppress certain evidence should have been granted. We disagree, for the reasons stated by Judge Kole in his opinion disposing of the motion to suppress, reported in 97 *N. J. Super.* 573 (*Law Div.* 1967).

Finally, defendant argues that "The search and interrogation of the defendant was a critical stage of the proceedings and the defendant was therefore entitled to have an attorney present under the Sixth Amendment \* \* \*." Substantially the same contention was rejected by Judge Kole in said opinion, and we agree with his reasons for rejecting it. (97 *N. J. Super.,* at *pp.* 600–603).

Affirmed.