124 N.J. Super. 114 (1973)
304 A.2d 781
STATE OF NEW JERSEY, PLAINTIFF,
v.
JAMES J. CARR, III, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal).
Decided April 6, 1973.
*115 Mr. John Lee Madden, First Asst. Prosecutor for plaintiff (Mr. Dominick J. Ferrelli, Prosecutor of Burlington County, attorney).
Mr. Jan M. Schlesinger for the defendant (Messrs. Hartman, Schlesinger, Schlosser & Faxon, a professional corporation, attorneys).
BELOPOLSKY, J.C.C.
This is a motion, brought by the State, to compel defendant to submit a handwriting exemplar in connection with his prosecution for armed robbery, after defendant refused to submit one voluntarily.
The facts are that an armed robbery was committed, during the course of which a note was handed to the victim with the following words handprinted thereon: "THIS IS A HOLD UP, PUT ALL MONEY IN PAPER BAG." A subsequent investigation resulted in the arrest and charging of four subjects, one of whom is defendant. The State alleges that its investigations indicate that defendant is the *116 person who presented the holdup note. The requested specimen is sought so that it may be compared with the holdup note in an effort to ascertain who prepared it.
In support of its motion the State relies on N.J.S.A. 2A:84A-19(a) which establishes exceptions to the general privilege against self-incrimination. The defense argues that while the State may have a right to obtain a sample of the defendant's handwriting executed prior to the alleged crime through the discovery process, R. 3:13, there is no authority to compel him presently to execute a sample, because to do so would violate his privilege against self-incrimination.
There is no need to explore the background of the privilege against self-incrimination except to say that it is firmly rooted in the State's common law, State v. DeCola, 33 N.J. 335 (1960); In re Pillo, 11 N.J. 8 (1952); its statutory enactments, N.J.S.A. 2A:84A-19; Evidence Rule 25, and the extension of the Fifth Amendment protections to the states, Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964).
The privilege, however, does not confer upon the accused an absolute right to refuse any and all cooperation with the judicial process. It is only, to quote Mr. Justice Holmes, "a prohibition of the use of physical or moral compulsion to extort communications from him, not an exclusion of his body as evidence when it may be material." Holt v. United States, 218 U.S. 245, 252-253, 31 S.Ct. 2, 6, 54 L.Ed. 1021, 1030 (1910)[1]
The New Jersey statute granting the privilege against self-incrimination also contains this clear exception:
[N]o person has the privilege to refuse to submit to examination for the purpose of discovering or recording his corporal features and other identifying characteristics * * *. [N.J.S.A. 2A:84A-19(a); Evidence Rule 25(a)]
*117 The United States Supreme Court has delineated the extent of the Fifth Amendment's privilege. The court in Schmerber v. California, 384 U.S. 757, 763-764, 86 S.Ct. 1826, 1833, 16 L.Ed.2d 908, 913 (1966), held that:
the privilege protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature. * * *
New Jersey courts have considered a wide range of subjects in interpreting exceptions to the privilege, but they have never dealt specifically with the question of handwriting exemplars.[2] In State v. King, 44 N.J. 346, 357 (1965), the Supreme Court held that examinations or inspections which are "non-testimonial in character" are beyond the scope of the privilege. This "non-testimonial" standard has shaped the limits of what constitutes "corporal features" and "identifying characteristics" under the statutory exception to the privilege. Now a person may be compelled to perform a number of acts or submit to several physical tests, including speaking for a witness, State v. King, supra, and submitting to a voiceprint, State v. Cary, 49 N.J. 343 (1967).[3]
The rationale for these exceptions is that they are merely tests of physical properties and do not require the person to vouch for the veracity of anything. State v. Cary, supra, at 348.
It is clear that a person may be compelled to do certain acts which are considered exceptions to the privilege against self-incrimination. These exceptions are directed toward evidence which is generally termed "physical" or *118 "non-testimonial" in character. The question before the court is whether a handwriting exemplar is a form of excepted evidence and as such may be compelled under the exceptions to the privilege.
The United States Supreme Court, in an opinion by Justice Brennan, has considered the nature of handwriting and has upheld the constitutionality of a compelled handwriting exemplar, Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). Defendant there was arrested by F.B.I. agents and questioned about several robberies where handwritten demand notes were employed. During the interrogation he executed handwriting exemplars, which were subsequently admitted into evidence at his trial, where he was convicted of armed robbery and murder.
The court held, among other things, that the taking of the exemplars did not violate defendant's privilege against self-incrimination:
The privilege [against self-incrimination] reaches only compulsions of "an accused's communications, whatever form they might take ..." and not "compulsion which makes a suspect or accused the source of real or physical evidence ..." One's voice and handwriting are, of course, means of communication. It by no means follows, however, that every compulsion of an accused to use his voice or write compels a communication within the privilege. A mere handwriting exemplar, in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside its protection. [Emphasis supplied]
The State's request to compel a handwriting exemplar here is permissible under both the statutory and common law exceptions to the privilege against self-incrimination. A compelled exemplar would not only conform to the holding in Gilbert but would also meet the "non-testimonial" standard established in King, and consequently such an exemplar is an identifying characteristic and may be compelled pursuant to N.J.S.A. 2A:84A-19(a).
*119 The form of the requested sample is proper because it seeks to elicit no information from defendant, nor does it aim to test his veracity or grammatical ability. It merely requests him to copy the wording of the sentence used on the holdup note in his own handwriting.
For the reasons expressed, the State's motion to compel defendant to submit a handwriting exemplar is allowed.
NOTES
[1] See also Wigmore's view, 8 Wigmore, Evidence (McNaughten rev. (1961), § 2263.
[2] For a list of federal cases and cases from other states on the subject of handwriting exemplars, see 3 Wharton, Criminal Evidence § 624, fn. 14; and 8 Wigmore, Evidence (McNaughten rev. 1961), § 2265, fn. 10.
[3] See New Jersey Rules of Evidence (ann. ed. 1972), § 25(a)(1), for a complete list of excepted identifying characteristics.