164 N.J. Super. 1 (1979)
395 A.2d 536
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JUNE MASON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 28, 1978.
Decided January 17, 1979.
*2 Before Judges LYNCH, CRANE and HORN.
Mr. James T. O'Halloran, Hudson County Prosecutor, attorney for appellant (Mr. Michael V. Coppola, Assistant Prosecutor, on the brief).
Mr. Eric A. Summerville, Director, Patrick House Legal Clinic, attorney for respondent (Mr. Ronald S. Radding on the brief).
The opinion of the court was delivered by CRANE, J.A.D.
Pursuant to leave granted, the State appeals from an order granting a motion to suppress evidence.
*3 In an oral opinion delivered on April 25, 1978 the judge who heard the motion to suppress found, after taking testimony, that the police received information at about 11:45 P.M. on February 5, 1977 from a reliable informant who had given accurate information in the past that a female named June was in Porter's Inn in Jersey City and was holding drugs on her person and selling them at that location. At about midnight the police entered Porter's Inn and saw an individual who fit the description. The officers identified themselves and asked her to step outside. One of the officers took her arm and led her to an unmarked police car. Once inside the car with three police officers defendant was informed that the officers had information linking her to drug activity. Defendant was asked if she had any drugs, to which she first replied, "I don't know," but then produced from between her sweater and blouse a plastic bag containing cocaine and an opium derivative.
The judge below concluded that defendant was subjected to a custodial interrogation and that her turning over the drugs violated her rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1969).
The State contends on this appeal that the actions of the police were reasonable, that defendant's constitutional rights were not violated, that probable cause existed to justify a search and that no warrant was necessary as exigent circumstances were present.
In our view the State has misconstrued the thrust of the determination of the judge below. According to the facts found by the judge, which the State does not dispute, no search took place. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), relied on by the State thus is not apposite. Defendant handed the drug over to the police in response to their interrogation. That interrogation was conducted in a police car with three officers present after she had been led to the car by the arm. The finding of the judge below that the interrogation took place in a custodial *4 setting is adequately supported by the evidence. State v. Godfrey, 131 N.J. Super. 168, 175-177 (App. Div. 1974), aff'd 67 N.J. 267 (1975).
Had defendant made an oral admission of the fact that she possessed narcotics it would not have been admissible against her because she had not been warned of her right to remain silent. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966). We perceive no reason why the result should not be the same when her response was of a different nature. Nonverbal responses to questioning are treated in the same way as are verbal responses. State v. Simmons, 52 N.J. 538 (1968), cert. den. 395 U.S. 924, 89 S.Ct. 1779, 23 L.Ed.2d 241 (1969); Evid. R. 62(1). The privilege against self incrimination extends to all acts intended to be of a testimonial or communicative character, whether in verbal or other form. Schmerber v. California, 384 U.S. 757, 763-764, 83 S.Ct. 1826, 16 L.Ed.2d 908 (1966); State v. Williams, 97 N.J. Super. 573 (Cty. Ct. 1967), aff'd 106 N.J. Super. 371 (App. Div. 1969); State v. McKenna, 94 N.J. Super. 71 (Cty. Ct. 1967).
We find no merit in the argument advanced by the State that the conduct of the police was justified as incident to a valid arrest. The fact is that the police did not arrest defendant but chose to interrogate her. See State v. Mark, 46 N.J. 262, 273 (1966).
Order affirmed.