208 N.J. Super. 82 (1984)
504 A.2d 1223
STATE OF NEW JERSEY, PLAINTIFF,
v.
ROBERT W. BOTTOMLY, DEFENDANT.
Superior Court of New Jersey, Law Division Middlesex County.
Decided November 5, 1984.
*83 Barbara Hassler for plaintiff (Alan A. Rockoff, Middlesex County Prosecutor, attorney).
Eric R. Schwab, for defendant (Palmisano & Goodman, attorneys).
BACHMAN, J.S.C.
This is an appeal by way of trial de novo of the conviction of defendant Robert W. Bottomly for violation of N.J.S.A. 39:4-50, -50.2 and :3-29 in the Municipal Court of the Township of Woodbridge.
On July 12, 1984 defendant Robert W. Bottomly was arrested and charged with operating a motor vehicle while under the influence of intoxicating liquor, in violation of N.J.S.A. 39:4-50. He was also issued a summons for failure to exhibit a drivers license and registration certificate, contrary to N.J.S.A. 39:3-29. Subsequent to his arrest, defendant was transported to the Woodbridge Township Police Station in order that a breathalyzer test be administered. Defendant refused to submit to the breathalyzer test and was charged with refusal to take a breathalyzer test, in violation of N.J.S.A. 39:4-50.2. On August *84 28, 1984, defendant was found guilty on all charges in the Municipal Court of Woodbridge. A fine of $250, $15 court costs, $100 surcharge and a one-year license suspension was imposed as to the driving under the influence charge. A fine of $250, $15 court costs and six months drivers license suspension was imposed as to the refusal charge. A fine of $5 and $5 court costs were imposed for the no drivers license and no registration charges. All fines and penalties were stayed pending appeal.
Thereafter, a timely notice of appeal for a trial de novo on the record was filed on September 5, 1984. At the trial de novo, the court reserved decision on the driving while under the influence charge and found defendant guilty as charged on all other counts. Fines identical to those imposed in municipal court were ordered.
The record discloses that defendant was stopped by the Woodbridge Township police who were dispatched to the area in response to a suspicious vehicle in the area. The description given was of an older model yellow Mustang which matched defendant's vehicle exactly. The police officer testified that when asked, defendant was unable to produce a driver's license or registration. The officer further testified to the odor of alcohol on defendant's breath, lack of balance, flushed face and antagonistic nature, and stated that in his opinion defendant was under the influence of alcohol. Defendant was placed under arrest for driving under the influence and was transported to the Woodbridge police station. At the police station, while on video tape, defendant refused to submit to the breathalyzer test.
The videotape which was played at the trial de novo revealed that as the police officer was advising defendant of his rights under N.J.S.A. 39:4-50.2 and asking a series of procedural and administrative questions, defendant acted in a belligerent, uncooperative and antagonistic manner.
Defendant's position on appeal is that by virtue of the case of Berkemer v. McCarty, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d *85 317 (1984), the entire videotape of defendant's refusal to take the breathalyzer test should be held inadmissible. Berkemer held that a person subjected to custodial interrogation is entitled to the benefit of the procedural safeguards enunciated in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), regardless of the nature or the severity of the offense of which he is suspected or for which he was arrested. Defendant takes the position that the rights read to defendant and questions asked during the preliminary procedure of administering the breathalyzer test amounted to an illegal custodial interrogation and as such, in the absence of Miranda warnings, the entire manner in which defendant responded must be suppressed. Defendant contends that gestures, movements and demeanor as well as verbal answers were responsive statements which cannot be introduced into evidence to establish his guilt and must be suppressed. Defendant further contends that "but for" the illegal interrogation, defendant would not have made any statements or gestures and had he been afforded his constitutional rights, he could have suspended all interrogation until he was permitted to speak to counsel.
At the police station an officer advised defendant of the nature of the charge against him and the requisite rights he had regarding the breathalyzer test. The officer testified that he read the following statement to defendant.
Number (1)  You have been arrested for violation of N.J.S.A. 39:4-50, operating a vehicle while under the influence of intoxicating liquor or drugs; (2) you are required by law, N.J.S.A. 39:4-05.2 to take a breath test to determine the quantity of alcohol in your blood; (3) upon your request a copy of the blood test results will be given to you; (4) you have no legal right to counsel, an attorney, a physician, or anyone else before you take the breath test; (5) after you take the required breath test, you have the right to have samples taken, a chemical test, of your blood ... urine or blood by a person or physician of your choice; (6) if you refuse to submit to the breath test you will be issued a separate summons for violation of N.J.S.A. 39:4-50.2 in addition to the summons issued for operating a motor vehicle under the influence of intoxicating liquor or drugs; (7) if the municipal court finds you guilty of refusing to submit to the breath test as required to do so, you will be fined not less than $250, not more than $500, and your right to operate a motor vehicle shall be revoked for six months. However, if your refusal is in connection with a subsequent offense *86 under this section the revocation shall be for two years; (8) the suspension for refusing to take the breath test will run consecutively in addition to any suspension imposed for driving while under the influence of alcohol or drugs because the refusal is a separate offense; (9) a person who is found guilty of refusing to submit to a breath test in addition to fine and license revocation, satisfy the requirements of a program of alcohol education or rehabilitation. I repeat, you are required by law to take the breath test. Now will you take the breath test?
His answer was "no".
A police officer also asked defendant a series of questions regarding his occupation, physical health, medications, and consumption of alcohol during that evening. In response to these questions, defendant admitted to drinking seven beers. All during the reading of defendant's various rights and the questioning, defendant acted in a belligerent, antagonistic and uncooperative manner.
The prosecution argues that defendant's belligerent, and antagonistic demeanor is admissible. The court agrees. Videotaping of breathalyzer testing or the defendant's refusal to take such test is now a common practice among New Jersey police departments. Such evidence is the most graphic and accurate representation available of the defendant's condition at the time of this arrest. The videotape is merely a mechanical reproduction of the observations made by the individuals who witnessed the actions of defendant at the time of the videotaping and are unquestionably admissible under Evid.R. 1(13) when properly authenticated. See Evid.R. 67. Such evidence provides that best indication of defendant's condition and is highly probative. Both obvious and subtle indicia of intoxication may be perceived via the videotape.
Evidence of physical characteristics including demeanor, have been recognized by our courts to be evidential in determining that a defendant is under the influence of alcohol. State v. Johnson, 42 N.J. 146 (1964).
Defendant asserts that his Fifth Amendment privilege against self-incrimination was violated because the tape contains testimonial or communicative responses made by him during the reading of the implied consent form and breathalyzer *87 test and, as such, the entire manner in which defendant expressed himself in direct response to the alleged illegal interrogation must be suppressed.
In Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), the United States Supreme Court delineated the extent of the Fifth Amendment privilege and held that the privilege protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature. State v. Carr, 124 N.J. Super. 114 (Law Div. 1973). The Schmerber Court wrote:
It is clear that the protection of the privilege reaches an accused's communications, whatever form they might take, and the compulsion of responses which are also communications, for example, compliance with a subpoena to produce one's papers. On the other hand, both federal and state courts have usually held that it offers no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture. The distinction which has emerged, often expressed in different ways, is that the privilege is a bar against compelling "communications" or "testimony," but that compulsion which makes a suspect or accused the source of "real or physical evidence" does not violate it. [86 S.Ct. at 1832; footnote omitted]
Thus, the question presented herein is whether defendant's statements and/or gestures and/or general demeanor are protected because they are testimonial or communicative in nature or are merely physical evidence that is outside the privilege. The privilege against self-incrimination extends to all acts intended to be of a testimonial or communicative character, whether in verbal or other form. Schmerber, supra; State v. Mason, 164 N.J. Super. 1 (App.Div. 1979); State v. Williams, 97 N.J. Super. 573 (Cty.Ct. 1967), aff'd 106 N.J. Super. 371 (App.Div. 1969); State v. McKenna, 94 N.J. Super. 71 (Cty. Ct. 1967).
The videotape is no more testimonial than the taking of still pictures, blood or urine samples held to be outside the privilege in Schmerber, supra.
Admittedly, certain verbal responses of defendant made during the administration of the breathalyzer test may be considered *88 testimonial in nature and thus protected. However, other aspects of the videotape can be considered non-testimonial physical evidence. In the present case, defendant's manner of speech, gestures and general demeanor show the physical manifestations of intoxication. Assuming that certain statements made by defendant during the videotape process were constitutionally protected, it is obvious to this court that even after excising the context of his statements, defendant was under the influence of alcohol.
This court realizes that caution must be exercised to preclude the introduction of the videotape as an attempt by the prosecution to introduce incriminating statements in light of the Berkemer decision. However in the present case, the court is convinced of defendant's intoxication beyond a reasonable doubt without considering any incriminating statements made by defendant.
Accordingly, for the reasons set forth above, I find defendant guilty beyond a reasonable doubt of driving while under the influence of alcohol in violation of N.J.S.A. 39:4-50 and levy the same fines and penalties as those imposed by the municipal court and in addition will impose costs of $7.75 for this court.